UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIO CESPEDES, on his own
behalf and on behalf of those similarly
situated,

        Plaintiffs,

CASE NO.:

vs.

CARIBBEAN SUPERCENTER, INC.
a Florida Profit Corporation,

        Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, MARIO CESPEDES, ("Plaintiff"), on his own behalf and on behalf of those similarly situated, was an employee of Defendant, CARIBBEAN SUPERCENTER, INC. ("SUPERCENTER" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

9. Defendant, SUPERCENTER, conducts business in, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

10. Defendant, SUPERCENTER, a Florida Profit Corporation, operates a supermarket located at 5111 W. Colonial Drive, Orlando, Florida 32808.

11. Plaintiff, and those similarly situated individuals ("class members"), were hourly employees of Defendant performing cashier and other related duties.

## COVERAGE

12. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

14. Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time period.

15. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or
   b. Engaged in the production of goods for commerce; or
   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. groceries, cleaning and/or office supplies).

16. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

17. Defendant, SUPERCENTER, is a company classified as, among other things, a grocery store.

18. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

19. Plaintiff was an employee of Defendant within the meaning of the FLSA.

20. Plaintiff and those similarly situated to him performed cashier duties for Defendant.

21. Plaintiff worked in this capacity from approximately January 2015 through January 2019.

22. Plaintiff earned an hourly rate in exchange for work performed during the last three (3) years.

23. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of his regular job duties.

24. Despite working more than forty (40) hours per week during one or more workweeks, Defendant failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to 207 (a) of the FLSA.

25. Instead, Defendant paid Plaintiff and those similarly situated to him his/their regular rate of pay for the hours worked in excess of forty (40) per workweek during one or more workweeks.

26. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff and those similarly situated to him.

27. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28. Defendant has acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

29. Defendant failed to maintain proper time records as mandated by law.

30. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendant to perform cashier and related duties on behalf of Defendant within the three (3) years prior to the commencement of this lawsuit.

32. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same job positions and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendant. They all suffer damages in the nature of lost overtime and other wages resulting from Defendant's wrongful conduct.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff and those similarly situated to him reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. Plaintiff and those similarly situated to him are entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

35. During the relevant time period (last three years), Plaintiff and those similarly situated to him worked overtime hours, but was/are not paid time and one-half compensation for same during one or more workweeks.

36. Defendant had knowledge of the overtime hours worked by Plaintiff and those similarly situated to him.

37. Defendant was aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and those similarly situated to him time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff and those similarly situated to him has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated to him is/are entitled to liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 04/11/19

Respectfully submitted by,

/s/ Kimberly De Arcangelis
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiffs