**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIO CESPEDES, on his own behalf and on behalf of those similarly situated,**

      **Plaintiffs,**

CASE NO.: 6:19-CV-00690

vs.

**CARIBBEAN SUPERCENTER, INC. Florida Profit Corporation,**

      **Defendant.**                            /

**PLAINTIFFS' UNOPPOSED RENEWED MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENTS AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiffs, MARIO CESPEDES, BRITTANY CESPEDES and SHANDEL COLE (the "Plaintiffs"), hereby filed their renewed request that this Court approve the Parties' settlement of the above-captioned matter. Plaintiffs filed their original Motion seeking approval on June 18, 2019. *See* D.E. 9. However, this Court denied such request in light of jurisdictional concerns based on its misunderstanding that Brittany Cespedes and Shandel Cole had not previously opted-in to this matter. However, in addition to the Complaint, Plaintiff filed the appropriate Consent to Join forms for Mario Cespedes, Britanny Cespedes and Shandel Cole. *See* D.E. Nos.: 2-1, 2-2 and 2-3. Additionally, although this case was originally filed as a collective action, Plaintiff elected not to proceed with a request for conditional certification. Accordingly, this action was never certified as a collective action which would require notice to other potential class members. Because the Plaintiffs' action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' respectfully request that the settlements reached be

approved by this Court. The Parties' executed FLSA Settlement Agreements (the "Settlement Agreements") are attached hereto as Exhibit "A."

## I. Legal Principles

Pursuant to the case law regarding the settlement of compromised FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v.Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1226 (M.D. Fla 2009). Indeed, at least one judge, Judge Gregory A. Presnell, has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Judge Presnell further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

## II. Facts and Settlement Terms

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiffs against their alleged former employer, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel.[1]

The Parties agree the instant action involves disputed issues. Specifically, Plaintiffs were all employed by Defendant as hourly paid cashiers who allege that they were not paid proper overtime compensation throughout their employment. Instead, Plaintiffs claim that they were

only paid their regular rate of pay for each of the overtime hours worked by them. Accordingly, there are disputed issues as to whether Defendant properly paid Plaintiffs overtime compensation for all hours worked, whether Plaintiffs even worked the overtime hours alleged, and if so, whether Defendant knew or should have known Plaintiffs had worked such hours. Additionally, there is a dispute as to whether a two or three year statute of limitations applies and whether Plaintiffs are entitled to liquidated damages.

The Defendant was served with the Complaint on April 23, 2019. *See* D.E. 11. The Defendant, through counsel, contacted Plaintiffs' counsel in response to the Complaint. The Parties exchanged documents, prepared independent damage calculations and engaged in multiple email and telephonic conversations in an attempt to reach a resolution of this matter. Plaintiff, Mario Cespedes, estimates that, if he can prove his claim, he is due a maximum of approximately $2,622.56 in unpaid overtime compensation under a two year statute of limitations or $3,915.00 under a three year statute. Plaintiff, Brittany Cespedes, estimates that, if she can prove her claim, she is due a maximum of approximately $2,448.01 in overtime compensation under a two year statute of limitations or $2,580.51 under a three year statute. Plaintiff, Shandel Cole, estimates that, if she can prove her claim, she is due a maximum of approximately $1,918.65 in overtime compensation under a two year statute of limitations or $2,971.15 under a three year statute. Plaintiffs acknowledge that it may be difficult to establish the application of a three year statute of limitations. Defendant denies owing Plaintiffs any unpaid wages or liquidated damages whatsoever, whether under a two or three year statutory period.

---

[1] Although Defendant's counsel elected not to make an appearance in this case, the Defendant has been represented throughout the negotiations and complete resolution of this matter.

After numerous negotiations, the Parties resolved all issues with Plaintiff, Mario Cespedes, receiving a total of $7,200.00, which represents a total of $2,600.00 in alleged unpaid overtime compensation, $2,600.00 in alleged liquidated damages, $100.00 as separate consideration for entering into a mutual general release and $1,900.00 (payable to the Mario Cepesdes's counsel) for attorneys' fees and costs incurred in connection with the instant action; and with the Plaintiff, Brittany Cespedes, receiving a total of $5,250.00, which represents a total of $1,675.00 in alleged unpaid overtime compensation, $1,675.00 in alleged liquidated damages, $100.00 as separate consideration for entering into a mutual general release and $1,800.00 (payable to the Brittany Cespedes's counsel) for attorneys' fees and costs incurred in connection with the instant action; and with the Plaintiff, Shandel Cole, receiving a total of $5,800.00, which represents a total of $1,950.00 in alleged unpaid overtime compensation, $1,950.00 in alleged liquidated damages, $100.00 as separate consideration for entering into a mutual general release and $1,800.00 (payable to the Shandel Cole's counsel) for attorneys' fees and costs incurred in connection with the instant action. Each Plaintiff separately authorized the resolution of their individual damages in this matter. The amounts paid to Plaintiffs' counsel were agreed to separate and apart from the amounts paid to Plaintiffs. Plaintiffs understand the difficulty in proving hours worked without accurate pay and time records and the risk of being denied liquidated damages and/or damages under a 3 year statute of limitations. Defendant, on the other hand, acknowledges the time and expense involved in litigating this type of case. The Parties therefore agree that they have reached a reasonable compromise in this matter.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Additionally, the amount set aside for attorneys' fees and costs was negotiated and agreed upon separately and without regard to the amounts paid to Plaintiffs. The Parties

voluntarily agreed to the settlement terms of their settlement during negotiations. All Parties were advised and represented by counsel throughout the settlement process.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting this **unopposed** Motion, approving the Parties' Settlement Agreements reached, and dismissing the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated:  August 12, 2019                                             Respectfully submitted,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Bar No.:  0025871
MORGAN & MORGAN, P.A.
20 N. Orange Avenue
Telephone: (407) 420-1414
E-Mail:  kimd@forthepeople.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to None. I further certify that a copy of the foregoing has been furnished to the following:  Narainedat G. Moonasar, as Registered Agent for Carribean Supercenter, Inc., 5111 West Colonial Drive, Orlando, Florida 32808 and Daniel Anderson, Anderson Law Group, 13577 Feather Sound Drive, Suite 500, Clearwater, Florida 33762.

*s/ Kimberly De Arcangelis*
Kimberly De Arcangelis