## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Mario Cespedes**, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Cespedes") and **Caribbean Supercenter, Inc.**, and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Cespedes and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Cespedes.

WHEREAS, Cespedes was employed by Caribbean Supercenter, Inc., and

WHEREAS, Cespedes has alleged unlawful employment practices in violation of Federal law against The Released Parties by filing a lawsuit titled, *Cespedes, Mario, et al. v. Caribbean Supercenter Inc.,* CASE NO.: 6:19-CV-00690-CEM-DCI ("Lawsuit"), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Cespedes.** The Released Parties agree to pay to Cespedes the total amount of Seven Thousand Two Hundred Dollars and Zero Cents ($7,200.00), allocated as follows:

A.  A payroll check in the amount of $2,600.00 made payable to Mario Cespedes representing alleged unpaid overtime, less applicable withholdings, for which an IRS Form W-2 shall be issued to Mario Cespedes; and

B.  A check in the amount of $2,700.00 made payable to Mario Cespedes representing $2,600.00 in alleged liquidated damages and $100.00 as separate consideration for the general release contained within this Agreement, for which an IRS Form 1099 shall be issued to Mario Cespedes, reporting the amount as "other income." No deductions shall be made from this check; and

C.  A check in the amount of $1,900.00 made payable to his attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs, for which an IRS Form 1099 will be issued to Morgan & Morgan, P.A. (Tax ID No.: 59-2920684). ***Mario Cespedes specifically is aware of, and agrees to, the consideration to be paid to his attorneys for representing his interests in this matter***.

The settlement payments described above will be due in Cespedes's counsel's office (c/o Kim De Arcangelis, Esq., P.O. Box 622289, Orlando, FL 32862) by on or before seven (7) calendar days of the Court's entry of an Order approving this Agreement and dismissing the Lawsuit with prejudice. Should The Released Parties fail to make payment of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at DAnderson@floridalawpartners.com. In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar days of the written notice, the Parties stipulate to a final judgment against Caribbean Supercenter, Inc. and Naraine Moonasar, jointly and severally, for the balance

of all payments due under this Agreement, plus attorneys' fees and costs incurred in securing such judgment.

2. **Reasonable Compromise of FLSA Claims.** Cespedes represents and acknowledges that the settlement proceeds identified herein constitute a just and reasonable compromise of his claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.*, including claims for overtime, liquidated damages and attorney's fees and costs.

3. **Cespedes's Obligations to the Released Parties**. Except as outlined in Paragraph 1 of this Agreement, Cespedes acknowledges that no other payments are due and owing to him as a result of the hours worked during his employment with the Released Parties. Cespedes shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties that in any way involve allegations or facts arising from the hours worked during her employment with the Released Parties in any forum as of the date of execution of this Agreement. Cespedes also agrees not to visit the Caribbean Superstore premises located at 5111 W Colonial Dr., Orlando, FL 32808.

4. **Mutual General Release.** Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each Party hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing

before the date of this Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of the Florida Whistleblower's Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Florida Civil Rights Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

5. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

12. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the

claim that the Party drafted the ambiguous language.

14. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Cespedes has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Caribbean Supercenter, Inc. has been advised to seek legal advice to seek advice regarding all of its options in connection with this Agreement.

16. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 6/11/19

_____
MARIO CESPEDES

Date: 6/4/19

_____
NARAINE MOONASAR

CARIBBEAN SUPERCENTER, INC.

Date: 6/4/19

_____
Sign
Print Name
Representative of Caribbean Supercenter, Inc.

6

## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Brittany Cespedes**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Cespedes") and **Caribbean Supercenter, Inc.**, and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Cespedes and The Released Parties shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Cespedes.

WHEREAS, Cespedes was employed by Caribbean Supercenter, Inc., and

WHEREAS, Cespedes has alleged unlawful employment practices in violation of Federal law against The Released Parties by filing a lawsuit titled, *Cespedes, Mario, et al. v. Caribbean Supercenter Inc.*, CASE NO.: 6:19-CV-00690-CEM-DCI ("Lawsuit"), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Cespedes.** The Released Parties agree to pay to Cespedes the total amount of Five Thousand Two Hundred Fifty Dollars and Zero Cents ($5,250.00), allocated as follows:

     A.    A payroll check in the amount of $1,675.00 made payable to Brittany Cespedes representing alleged unpaid overtime, less applicable withholdings, for which an IRS Form W-2 shall be issued to Brittany Cespedes; and

     B.    A check in the amount of $1,775.00 made payable to Brittany Cespedes representing $1,675.00 in alleged liquidated damages and $100.00 as separate consideration for the general release contained within this Agreement, for which an IRS Form 1099 shall be issued to Brittany Cespedes, reporting the amount as "other income." No deductions shall be made from this check; and

     C.    A check in the amount of $1,800.00 made payable to her attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs, for which an IRS Form 1099 will be issued to Morgan & Morgan, P.A. (Tax ID No.: 59-2920684).  ***Brittany Cespedes specifically is aware of, and agrees to, the consideration to be paid to her attorneys for representing her interests in this matter***.

The settlement payments described above will be due in Cespedes's counsel's office (c/o Kim De Arcangelis, Esq., P.O. Box 622289, Orlando, FL 32862) by on or before seven (7) calendar days of the Court's entry of an Order approving this Agreement and dismissing the Lawsuit with prejudice. Should The Released Parties fail to make payment of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at DAnderson@floridalawpartners.com.  In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar days of the written notice, the Parties stipulate to a final judgment against Caribbean Supercenter, Inc. and Naraine Moonasar, jointly and severally, for the balance

2

of all payments due under this Agreement, plus attorneys' fees and costs incurred in securing such judgment.

2. **Reasonable Compromise of FLSA Claims.** Cespedes represents and acknowledges that the settlement proceeds identified herein constitute a just and reasonable compromise of her claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.*, including claims for overtime, liquidated damages and attorney's fees and costs.

3. **Cespedes's Obligations to the Released Parties**. Except as outlined in Paragraph 1 of this Agreement, Cespedes acknowledges that no other payments are due and owing to her as a result of the hours worked during her employment with the Released Parties. Cespedes shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties that in any way involve allegations or facts arising from the hours worked during her employment with the Released Parties in any forum as of the date of execution of this Agreement. Cespedes also agrees not to visit the Caribbean Superstore premises located at 5111 W Colonial Dr., Orlando, FL 32808.

4. **Mutual General Release.** Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each Party hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing

3

before the date of this Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of the Florida Whistleblower's Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Florida Civil Rights Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

5. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

12. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the

claim that the Party drafted the ambiguous language.

14. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Cespedes has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided her with excellent legal advice and has explained to her all of her options in connection with this Agreement. In addition, Caribbean Supercenter, Inc. has been advised to seek legal advice to seek advice regarding all of its options in connection with this Agreement.

16. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 6/11/19

**BRITTANY CESPEDES**

Date: 6/4/19

**NARAINE MOOSASAR**

**CARIBBEAN SUPERCENTER, INC.**

Date: 6/4/19

Sign
Print Name: NARAINE MOONALAM
Representative of Caribbean Supercenter, Inc.

6

## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Shandel Cole**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Cole") and **Caribbean Supercenter, Inc.**, and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Cole and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Cole.

WHEREAS, Cole was employed by Caribbean Supercenter, Inc., and

WHEREAS, Cole has alleged unlawful employment practices in violation of Federal law against The Released Parties by filing a lawsuit titled, *Cespedes, Mario, et al. v. Caribbean Supercenter Inc.*, CASE NO.: 6:19-CV-00690-CEM-DCI ("Lawsuit"), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Cole.** The Released Parties agree to pay to Cole the total amount of Five Thousand Eight Hundred Dollars and Zero Cents ($5,800.00), allocated as follows:

    A.  A payroll check in the amount of $1,950.00 made payable to Shandel Cole representing alleged unpaid overtime, less applicable withholdings, for which an IRS Form W-2 shall be issued to Shandel Cole; and

    B.  A check in the amount of $2,050.00 made payable to Shandel Cole representing $1,950.00 in alleged liquidated damages and $100.00 as separate consideration for the general release contained within this Agreement, for which an IRS Form 1099 shall be issued to Shandel Cole, reporting the amount as "other income." No deductions shall be made from this check; and

    C.  A check in the amount of $1,800.00 made payable to her attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs, for which an IRS Form 1099 will be issued to Morgan & Morgan, P.A. (Tax ID No.: 59-2920684). *Shandel Cole specifically is aware of, and agrees to, the consideration to be paid to her attorneys for representing her interests in this matter.*

    The settlement payments described above will be due in Cole's counsel's office (c/o Kim De Arcangelis, Esq., P.O. Box 622289, Orlando, FL 32862) by on or before seven (7) calendar days of the Court's entry of an Order approving this Agreement and dismissing the Lawsuit with prejudice. Should The Released Parties fail to make payment of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at DAnderson@floridalawpartners.com. In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar days of the written notice, the Parties stipulate to a final judgment against Caribbean Supercenter, Inc. and Naraine Moonasar, jointly and severally, for the balance of all payments due under this Agreement, plus attorneys' fees and costs incurred in securing such judgment.

2. **Reasonable Compromise of FLSA Claims.** Cole represents and acknowledges that the settlement proceeds identified herein constitute a just and reasonable compromise of her claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.*, including claims for overtime, liquidated damages and attorney's fees and costs.

3. **Cole's Obligations to the Released Parties.** Except as outlined in Paragraph 1 of this Agreement, Cole acknowledges that no other payments are due and owing to her as a result of the hours worked during her employment with the Released Parties. Cole shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties that in any way involve allegations or facts arising from the hours worked during her employment with the Released Parties in any forum as of the date of execution of this

Agreement. Cole also agrees not to visit the Caribbean Superstore premises located at 5111 W Colonial Dr., Orlando, FL 32808.

4. **Mutual General Release.** Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each Party hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing before the date of this Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of the Florida Whistleblower's Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Florida Civil Rights Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

5. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

12. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

14. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. **Consultation.** The Parties acknowledge that they have been advised to consult

an attorney prior to signing this document. The Parties' decision to consult with an attorney is their decision. In this respect, Cole has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided her with excellent legal advice and has explained to her all of her options in connection with this Agreement. In addition, Caribbean Supercenter, Inc. has been advised to seek legal advice to seek advice regarding all of its options in connection with this Agreement.

16. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 6/5/19                          *S. Cole*
                                       **SHANDEL COLE**

Date: 6/4/19                          *[signature]*
                                       **NARAINE MOONASAR**


**CARIBBEAN SUPERCENTER, INC.**

Date: 6/4/19                          Sign *[signature]*
                                       Print Name: NARAINE MOONASAR
                                       Representative of Caribbean Supercenter, Inc.