# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARIO CESPEDES,

        Plaintiff,

v.                                             Case No:  6:19-cv-690-Orl-41DCI

CARIBBEAN SUPERCENTER, INC.,

        Defendant.

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' UNOPPOSED RENEWED MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENTS (Doc. 12)** |
| **FILED:** | **August 12, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    Background

Plaintiffs brought this purported collective action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. In conjunction with the Complaint, Plaintiff filed a Notice of Filing Consent to Join, attaching consents to join and to be represented by Plaintiffs' counsel by the named Plaintiff, Mario Cespedes, and two opt-in Plaintiffs, Brittaney Cespedes and Shandel Cole (collectively, Plaintiffs). Doc. 2.[1] Subsequently,

---

[1] The undersigned notes that the information in the CM/ECF system does not currently reflect the participation of the opt-in Plaintiffs, but that does not affect this recommendation.

Plaintiffs filed an unopposed motion to approve the FLSA settlement agreements. Doc. 9. The Court denied the motion without prejudice, identifying its concerns with the original motion. Doc. 10. Plaintiffs promptly filed a renewed motion for approval of their settlement agreement and attached those agreements to their motion. Docs. 12 (the Motion); 12-1 (the Agreements). Plaintiffs also filed a return of service as to Defendant. Doc. 11. Although Defendant has not appeared in this case, the record now reflects that Defendant was properly served, and Plaintiffs assert in the Motion that Defendant is represented by counsel and has engaged in numerous settlement negotiations that have resulted in the Agreements. Doc. 12. Thus, Plaintiffs assert that the Agreements represent a fair and reasonable resolution of Plaintiffs' FLSA claims, and request that the Court grant the Motion and dismiss the case with prejudice. Doc. 12.

## II. Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.    Analysis

### A.  The Settlement.

According to the Motion, after Defendant was served counsel for Defendant contacted Plaintiffs' counsel concerning the claims. Doc. 12 at 4. The parties then "exchanged documents, prepared independent damage calculations and engaged in multiple email and telephonic conversations in an attempt to reach a resolution of this matter." *Id.* An issue in dispute is the

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

application of the two or three year statute of limitations, and "Plaintiffs acknowledge that it may be difficult to establish the application of a three year statute of limitations. Defendant denies owing Plaintiffs any unpaid wages or liquidated damages whatsoever, whether under a two or three year statutory period." *Id*. Thus, after "numerous" negotiations, the parties agreed to the following resolution:

- Mario Cespedes, will receive a total of $7,200.00, as follows: $2,600.00 in unpaid overtime compensation; $2,600.00 in liquidated damages; $100.00 as separate consideration for entering into a mutual general release; and $1,900.00 for attorney fees and costs.

- Brittany Cespedes will receive a total of $5,250.00, as follows: $1,675.00 in unpaid overtime compensation; $1,675.00 in liquidated damages; $100.00 as separate consideration for entering into a mutual general release; and $1,800.00 for attorney fees and costs; and

- Shandel Cole will receive a total of $5,800.00, as follows: $1,950.00 in unpaid overtime compensation; $1,950.00 in liquidated damages; $100.00 as separate consideration for entering into a mutual general release; and $1,800.00 for attorney fees and costs.

*Id*. at 5. Plaintiffs represent that the settlement is a fair and reasonable compromise of their FLSA claims, concerning which they assert there are bona fide disputes, such as the dispute concerning the applicable statute of limitations. *Id*. at 4-5. The undersigned finds that this is a fair and reasonable compromise based on the reasons articulated for compromising the claims under the FLSA. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Upon review of the Agreements, the undersigned finds that the Agreements do not contain a confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. However, the Agreements do contain a general release. Doc. 12-1. General releases are generally disfavored by courts, as

they are seen as affecting the fairness and reasonableness of an FLSA settlement. *See, e.g.,* *Menjiva v. E & L Const. Serv., LLC*, Case No. 6:15-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015) (citing authority). Courts, however, have found such provisions permissible where plaintiff is provided separate consideration for such provisions. *See, e.g.,* *Roman v. FSC Clearwater, LLC*, Case No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (recommending approval of settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017). Here, Plaintiffs are represented by counsel and have agreed to mutual general releases in exchange for payments of $100.00 each. Doc. 12-1. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiffs' counsel will receive a total of $5,500.00 in attorney fees and costs for representing Plaintiffs in this case. Doc. 12. Plaintiffs represent that "the amount set aside for attorneys' fees and costs was negotiated and agreed upon separately and without regard to the amounts paid to Plaintiffs." Doc. 12 at 5. The settlement is reasonable to the extent previously discussed, and Plaintiffs' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs. *See* *Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 12) be **GRANTED**;

2. The Court find the Agreements (Doc. 12-1) to be fair and reasonable settlements of Plaintiffs' claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on August 12, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy